RECEIVED
IN LAFAYETTE, LA.

JAN 2 9 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| United States of America | Criminal Action 12-00299 |
| versus | Judge Richard T. Haik |
| Richard, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM ORDER

Before the Court is a Motion To Dismiss filed by defendant Quincy Mason Richard, Sr. [Rec. Doc.17] and a Motion to Dismiss filed by defendant John Miller [Rec. Doc. 23] in which the Defendants move to dismiss all counts in the Indictment.[1] The Defendants, Quincy Mason Richard, Sr. and John Miller, were indicted on October 24, 3012, on a three count indictment arising from their acceptance of $5,000 each from Acting Superintendent, Joseph Cassimere, in exchange for their favorable individual votes as St. Landry Parish School Board ("SLPSB") members in support of Cassimere's candidacy for the SLPSB Superintendent position. Count One of the indictment against Defendants charges conspiracy in violation of 18 U.S.C. § 371 to commit bribery under 18 U.S.C. § 666. Counts Two and Three charge federal program bribery under 18 U.S.C. § 666. The government based these three counts on its assertion that Defendants were "agents and board members of the St. Landry Parish School Board, an organization receiving federal assistance in excess of $10,000 in the one-year period before September 24, 2012,[who] corruptly agreed to accept and did in fact accept $5,000 from a victim/candidate for the position of Superintendent of the St. Landry Parish School Board intending to be influenced and rewarded in connection

---

[1] Miller's Motion To Dismiss "adopts" the Motion To Dismiss and accompanying Memorandum filed by Richard. *R. 22.*

with the defendants' votes concerning the position of superintendent of the SLPSB." *R. 1, Indictment.*

The pertinent parts of 18 U.S.C. § 666 state as follows:

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof–

. . .

(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or

. . .

(d) As used in this section--

(1) the term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative;

(2) the term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program;

18 U.S.C. § 666. Thus, as this language makes clear, all that is relevant in determining whether a defendant has violated § 666 is: (1) whether a local body receives more than $10,000 under a federal program, (2) whether the defendant is an "agent" of the body, and (3) whether the defendant "embezzles, steals, [or] obtains by fraud" funds of the body. *See United States v. Moeller*, 987 F.2d 1134, 1137 (5th Cir.1993) ("There are only two requirements necessary to bring a defendant within section 666. First, the defendant must be

2.

an agent of a government agency which receives in excess of $10,000 from the federal government within a one year period. Second, the defendant must engage in conduct proscribed by section 666(a)(1)(A) or (B).").

The Defendants move the Court to dismiss all counts alleging violations of 18 U.S.C. § 666, along with the charge of conspiracy under 18 U.S.C. § 371, for the following reasons: (1) Richard was not an agent of the SLPSB as required under Section 666 and the relevant case law; (2) the conduct alleged in the Indictment is outside the scope of Section 666; and (3) Miller was not an agent of the SLPSB, rendering it impossible for Richard to have conspired, aided, or abetted him under Section 666. In support of these contentions, the Defendants assert that *United States v. Phillips*, 219 F.3d 303 (5th Cir. 2000) provides authority for the proposition that they are not agents of the SLPSB.[2]

In *Phillips*, the Fifth Circuit held the defendant, a tax assessor of St. Helena Parish that received over $10,000 in federal funds through food stamps provided to parish residents, was not an "agent" of the parish under § 666 because the tax assessor was not "authorized to act on behalf of the parish with respect to its funds." *Id.* at 411. In so holding, the court determined that the tax "assessor's duties are set forth by state, not parish, law," "the activities of the assessor are supervised by ... a state board controlled by state officials, the assessor's salary is not set by the parish, the salary is not paid for by the parish, and the

---

[2] Eventhough defendants Richard and Miller were charged with violating section 666(a)(1)(B) and the defendant in *Phillips* was charged with violating section 666(a)(1)(A), the Court will examine defendants' argument under the pertinent jurisprudence.

3.

assessor received no employee benefits from the parish." *Id.* at 412. The *Phillips* court further noted that the tax assessor had no "ability to control or administer employees or programs or funds of the parish," nor could the assessor's office "have affected the integrity of the food stamp program." *Id.* n. 13.

In opposing the Defendants' motion, the government contends that unlike the factual scenario in *Phillips*, here there is no allegation that the Defendants were agents of St. Landry Parish. Rather, they are voting members and, therefore, agents of the School Board. In particular, the government asserts that as members of the School Board, Defendants vote to (1) determine the allocation and placement of federal and state funds to the apparent benefit of the St. Landry Parish public School System; (2) to select and elect the Superintendent of the St. Landry Parish School System; (3) to determine the Superintendent's salary. Thus, "[t]he United States has a direct vested interest in the corruption of SLPSB members who sell their votes, where the vote of these corrupt members affects the distribution of federal funds ear marked for education within the Parish." In light of the foregoing, the government asserts there is the "necessary nexus" between the Defendants as voting members of the SLPSB and federal funding through the State of Louisiana. The Court agrees.

The Supreme Court has described § 666 as "expansive, both as to the conduct forbidden and the entities covered" and read the statute to reveal Congress's "expansive, unambiguous intent to ensure the integrity of organizations participating in federal assistance programs" clearly embracing the "corruption focus." *Fischer v. United States*, 529 U.S. 667,

4.

678 (2000) (citing *Salinas v. United States*, 522 U.S. 52, 56 (1997)). "In order for section 666 to apply, the bribe must be offered or accepted "in connection with any business, transaction, or series of transactions of the agency receiving federal funds." *U.S. v. Whitfield*, 590 F.3d 325, 345 (5th Cir. 2009)(emphasis supplied). "[T]he direct involvement of federal funds in a transaction is not an essential element of bribery under section 666(b); the government need not prove that federal monies funded a corrupt transaction." *United States v. Westmoreland*, 841 F.2d 572, 578 (5th Cir.1988).

Here, the Indictment alleges the connection relating to the business of the SLPSB is the vote for the School Board's Superintendent and the subsequent vote to pay his salary. As voting members of the Board, the Defendants are authorized to act on behalf of the SLPSB with respect to the educational funds it receives - a part of which is comprised of federal monies. The Indictment alleges that the Defendants "corruptly" received something of value ($5,000 each) in exchange for their performance of an official act (casting their votes). The Court finds there is a direct connection between the Defendants' alleged conduct and the organization receiving federal education funds of which they are a part.

The Fifth Circuit has applied the broad "corruption focus" of § 666 in a number of cases similar to this case, finding that the defendant was an "agent" under the statute. *See i.e., U.S. v. Moeller*, 987 F.2d 1134 (5th Cir. 1993)( officials for former Texas Federal Inspection Service (TFIS) indicted for awarding consulting contracts to codefendants as compensation for soliciting campaign contributions to support candidacies for Texas

Agriculture Commissioner); *United States v. Reyes*, 239 F.3d 722 (5th Cir. 2001)(affirmed the § 666 conviction of city council members who had been bribed to vote in favor of awarding a municipal construction project to a particular contractor); *United States v. Williams*, 264 F.3d 561 (5th Cir.2001)(conviction of a former member of the Jackson, Mississippi City Council, upheld under § 666 of aiding and abetting the solicitation and acceptance of bribes in exchange for a re-vote on a cable television license contract); *U.S. v. Lipscomb,* 299 F.3d 303, 314 (5th Cir. 2002)(stating "continued commitment to applying § 666 to members of municipal and parochial governing bodies" in holding that the term "agent" includes city council members).

The government cites *U.S. v Keen*, 676 F.3d 981, 990 (11th Cir. 2012) as being factually similar to this case. In *Keen*, two zoning officials of the Board of County Commissioners were convicted of accepting $5,000 each with the understanding they would facilitate zoning changes benefitting a fictitious company of the person making the bribe. In upholding their conviction, the appellate court held the section 666 definition of agent was subject to a plain meaning interpretation absent any need to avoid absurd consequences. *Id.* at 990. The court rejected the defendants' argument that to qualify as an agent of an entity the alleged agent needed to be able to act specifically with respect to its funds. *Id.* at 989. The court noted that § 666 was enacted "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery.... to effectuate this purpose, Congress did not limit itself merely to going after corrupt

individuals who abuse their positions to skim federal funds. *Id.* at 990. In addition, Congress was committed to the even broader objective of ensuring 'the integrity of organizations participating in federal assistance programs.'" *Id.* (citing *Fischer*, 529 U.S. 667, 678).

Based on the legislative history, recent jurisprudence and the specific facts of this case, the Court finds that Title 18, United States Code, Section 666, applies to the Defendants' conduct as charged in the Indictment.

Accordingly,

**IT IS ORDERED** that the Motion To Dismiss filed by defendant, Quincy Mason Richard, Sr., [Rec. Doc.17] and the Motion to Dismiss filed by defendant, John Miller, [Rec. Doc. 23] are **DENIED**.

**THUS DONE AND SIGNED** this 28th day of January, 2013 at Lafayette, Louisiana.

*/s/ Richard T. Haik*
Richard T. Haik, Sr.
United States District Judge